NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GROUP14 TECHNOLOGIES, INC., a
Delaware Corporation,

No. 25-996

D.C. No.
2:22-cv-01354-TSZ

Plaintiff - Appellant,

v.

MEMORANDUM[*]

NEXEON LIMITED, a limited company
registered in England and Wales,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted November 7, 2025
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Group14 Technologies, Inc. ("Group14") appeals the district court's grant of

summary judgment to Nexeon Limited ("Nexeon") on Group14's claims for (1)

misappropriation of trade secrets in violation of the Defend Trade Secrets Act of

2016 ("DTSA"), 18 U.S.C. §§ 1831–39; (2) misappropriation of trade secrets in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violation of Washington's Uniform Trade Secrets Act ("UTSA"), Revised Code of Washington ("RCW") Chapter 19.108; and (3) breach of contract under Washington state law. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *see Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023), and review the district court's denial of a Federal Rule of Civil Procedure 56(d) motion for abuse of discretion, *see Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1062–63 (9th Cir. 2019). We affirm.

1. The district court did not abuse its discretion in denying Group14's Rule 56(d) motion. Group14 provided only general descriptions of the discovery it sought to support its trade secret misappropriation and breach-of-contract claims and failed to allege the specific facts it hoped to elicit from further discovery. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) ("[T]he evidence sought must be more than 'the object of pure speculation.'" (citation omitted)). Group14 also failed "to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Atay v. Cnty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016) (citation omitted).

2. The district court did not err in holding that Group14's trade secret misappropriation claims are time barred. Both the DTSA and Washington's UTSA require an owner of a trade secret alleging trade secret misappropriation to file suit no later than three years after the date on which the misappropriation "is

discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d); RCW 19.108.060. Had it exercised reasonable diligence, Group14 should have discovered the alleged misappropriation of its trade secrets by January 2018. But Group14 failed to inquire into Nexeon's SUNRISE application, which it now claims included misappropriated trade secrets. Group14's trade secret claims are therefore untimely.

3. Even if Group14's trade secret misappropriation claims are not time barred, the district court did not err in granting summary judgment to Nexeon. Although the district court provided Group14 with several opportunities to identify its trade secrets, Group14 did not do so with reasonable particularity. *See Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1167 (9th Cir. 1998). Group14 instead relied on vague, general, catchall phrases. *See InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) ("Plaintiffs may not simply rely upon 'catchall' phrases or identify categories of trade secrets they intend to pursue at trial."); *Bombardier Inc. v. Mitsubishi Aircraft Corp.*, 383 F. Supp. 3d 1169, 1178 (W.D. Wash. 2019) (noting that the DTSA and Washington's UTSA are almost identical and that a plaintiff must identify a trade secret with sufficient particularity).

4. The district court also did not err in granting summary judgment on Group14's breach-of-contract claims. Although Group14 alleges that Nexeon

breached the Materials Transfer and Mutual Non-Disclosure Agreement ("MTNDA") based on its use and disclosure of Group14's confidential information and materials, Group14's claims on those theories are so thoroughly intertwined with its alleged trade secrets that those claims are precluded by RCW 19.108.900(1). *Cf. id.* (2)(a). To the extent Group14 argues that Nexeon breached the MTNDA by retaining Group14's confidential information, Group14 failed to raise this argument before the district court. Group14 therefore forfeited this argument. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).

**AFFIRMED.**